IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE | ) | Chapter 11, Subchapter V |
| | ) | |
| **DDM LAND MANAGEMENT, LLC,** | ) | Case No. BK22-40140 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |

## UNITED STATES TRUSTEE'S MOTION TO DISMISS
## CASE FOR CAUSE UNDER 11 U.S.C. § 1112(b)

Daniel J. Casamatta, Acting United States Trustee (the "United States Trustee"), for the District of Nebraska, hereby moves the Court, pursuant to 11 U.S.C. § 1112(b) enter an order dismissing the case. In support of this Motion, the United States Trustee respectfully states as follows:

1. On February 23, 2022, the Debtor filed its voluntary chapter 11 petition.

2. The Debtor elected to proceed under Subchapter V of chapter 11.

3. Section 1112(b)(1) of the Bankruptcy Code provides when a movant establishes cause, the Court shall either convert to Chapter 7 or dismiss a case filed under this chapter based on whichever is in the best interests of the creditors and the estate. The examples listed under 11 U.S.C. § 1112(b) are not exhaustive, and the Court retains broad discretion to consider other factors, including lack of good faith in filing, when determining whether to dismiss or convert a chapter 11 case. *All Denominational New Church v. Pelofsky (In re All Denominational New Church)*, 268 B.R. 536, 537 (B.A.P. 8th Cir. 2001). The United States Trustee asserts the following statutory bases as cause for dismissal of the Debtor's cases: the Debtor failed to maintain appropriate insurance and provide proof of insurance to the United States Trustee despite repeated requests. *See* 11 U.S.C. § 1112(b)(4)(C), (H).

–1–

A. **Cause Exists to Dismiss the Debtor's Case Due to the Continuing Failure to Maintain Appropriate Insurance**

4. Cause to dismiss includes "failure to maintain appropriate insurance that poses a risk to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C).

5. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession in a Chapter 11 case assumes the rights and duties of a trustee and, accordingly, is treated as a fiduciary for the estate.

6. As a fiduciary for the estate, a debtor in possession bears the responsibility of maintaining appropriate insurance on all estate assets and providing proof of such insurance to the United States Trustee upon request.

7. Here, the Debtor listed real estate, motor vehicles, farm implements, among other items on its schedules.

8. The United States Trustee requested from the Debtor proof of insurance on these items on multiple occasions including:

- On February 23, 2022 by email;
- On March 17, 2022 by email;
- On March 22, 2022 by announcement on the record at the 341 Meeting;
- On April 18, 2022 by announcement on the record at the Status Conference;
- On April 18, 2022 by email;
- On April 28, 2022 by email.

9. To date the United States Trustee received the following information regarding the insurance:

- On March 1, 2022- Debtor's counsel emailed an insurance document, which the Debtor's counsel received a response that the provided document was insufficient.

- On March 2, 2022- at the Initial Debtor Interview, the Debtor stated that all assets were insured, but this could not be verified as Schedules A/B were not yet filed. The Debtor was reminded to provide insurance certificates.

- On March 22, 2022- at the 341 meeting, the Trial Attorney mentioned the repeated requests to verify insurance, and the Debtor indicated proof of insurance would be forthcoming.

- On April 18, 2022- Debtor's counsel emailed an insurance document, which the Debtor's counsel received a response that the provided document was insufficient.

10. The Debtor's failure to provide adequate proof of insurance, in accordance with the United States Trustee's guidelines, despite numerous requests, makes it impossible to determine if the estate property and the public remain protected during the bankruptcy case.

11. Accordingly, the United States Trustee requests the Court dismiss the case for failure to maintain appropriate insurance.

**B. Cause Exists to Dismiss the Debtors' Cases Due to the Continuing Failure to Show Compliance with the Obligation to Comply with Requests to Supply Information to Office of the United States Trustee**

12. Separately, cause exists to dismiss a chapter 11 case includes the debtor's "failure timely to provide information." 11 U.S.C. § 1112(b)(4)(H).

13. The United States Trustee requested information to verify the insurance status multiple times over six weeks, through a variety of means, and no reasonable explanation has been provided for the dilatory and incomplete responses. The failure to provide complete and accurate responses constitutes cause for dismissal of the cases. 11 U.S.C. § 1112(b)(4)(H).

14. Accordingly, the United States Trustee requests the Court dismiss the case for failure

to timely provide information as required under applicable federal law.

WHEREFORE, the United States Trustee respectfully requests the Court to enter an order dismissing the case

DATED this 2nd day of May, 2022.

Respectfully Submitted,

DANIEL J. CASAMATTA
ACTING UNITED STATES TRUSTEE

JERRY L. JENSEN
ASSISTANT U.S. TRUSTEE

/s/ Sarah E. Tomlinson
SARAH E. TOMLINSON
WY Bar #7-6095; MO Bar #72441
Trial Attorney
Office of the United States Trustee
Thomas F. Eagleton Courthouse
111 South 10th Street
Suite 6.353
St. Louis, MO 63102
Telephone: (202) 590-7982
Sarah.E.Tomlinson@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that I filed the above and foregoing with the Clerk of Bankruptcy Court on May 2nd, 2022, using the CM/ECF system which sent notification to all CM/ECF participants.

/s/ Sarah E. Tomlinson
Sarah E. Tomlinson